THE HONORABLE LAUREN KING

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN EVANS, on behalf of himself, and as a representative of similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>VENGROFF WILLIAMS, INC, and VWI SUBROGATION, INC.,<br><br>Defendants. | NO. 2:23-cv-01393-LK<br><br>FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES<br><br>JURY DEMAND<br><br>FILED WITHOUT WAIVER OF RIGHT TO SEEK REMAND OR CONSENT TO JURISDICTION |

Plaintiff Kevin Evans ("Plaintiff"), individually and as proposed representative of a class of similarly situated persons, brings this action against Defendants Vengroff Williams, Inc. and VWI Subrogation, Inc. for violations of the Washington Consumer Protection Act ("WCPA"), as set forth herein.

**I. VENUE, JURISDICTION AND PARTIES**

1.1     Plaintiff is a single man residing in Kent, Washington, in King County, Washington.

1.2     Defendant Vengroff Williams, Inc. ("VWI") is a Washington licensed Out-of-State Collection Agency, with its principal place of business located at 2211 Fruitville Rd.,

FIRST AMENDED CLASS
ACTION COMPLAINT - 1
(NO. 2:23-cv-01393-LK)

**Leonard Law, PLLC**
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028

Sarasota, FL. 34237-6116. VWI is registered to do business in Washington under UBI Number 603-144-177 and is registered as a Foreign Profit Corporation with the Washington Secretary of State.

1.3   Defendant VWI Subrogation, Inc. ("VWISI") is a Florida corporation that is not registered or authorized to do business in Washington State.

1.4   Venue and personal jurisdiction are proper in King County Superior Court because Defendants VWI and VWISI do business and engaged in the acts giving rise to the claim asserted in this action and conduct in violation of Washington's Consumer Protection Act in King County, Washington; and VWI assented to the jurisdiction of King County Superior Court when it became licensed to do business in Washington as an Out-of-State Collection Agency.

1.5   Plaintiff disputes that the United States District Court for the Western District of Washington is the most appropriate forum for this case as this case does not concern a federal question and there is currently no evidence showing that the amount in controversy for any particular class member is greater than $75,000, or that all of the jurisdictional requirements of the Class Action Fairness Act are met and no exception applies.

## II.  FACTS

2.1   On or about April 27, 2019, Kevin Evans was involved in a motor vehicle collision in which he was rearended by another driver.

2.2   The accident was witnessed by a police officer and a police report was completed reporting the other driver had rearended Mr. Evans.

2.3   On or about November 12, 2019, VWISI sent Mr. Evans a letter titled "Important Notice" with a return address of VWI Subrogation, Inc., PO Box 4155, Sarasota, Florida 34230-4155 (the "collection letter").

FIRST AMENDED CLASS
ACTION COMPLAINT - 2
(NO. 2:23-cv-01393-LK)

**Leonard Law, PLLC**
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028

2.4  The collection letter included the following statements:

a. "This letter is an attempt to recover payments by [State Farm-Birmingham-Auto] that are deemed to be your responsibility."

b. "[I]t has been determined that you, your motor vehicle, or both, were responsible for this accident."

c. "The total amount of the claim is now due in our office."

d. "If you reside in a state where license suspension is authorized a request for the suspension of your driver's license will be submitted to your state's Department of Motor Vehicles."

e. "This is an attempt to recover money owed as determined by the Financial Responsibility Law."

f. The collection letter also stated that "verification of the debt or judgment" would be mailed upon dispute.

2.5  The collection letter did not include the following items:

a. The name "Vengroff Williams, Inc."; or

b. The street and number at which VWISI was licensed by Washington to conduct business as an out-of-state collection agency.

2.6  The collection letter stated that the amount of State Farm-Birmingham-Auto's claim against Mr. Evans was $12,500.75 (the "Claim Amount") and included a tear-off payment coupon for Mr. Evans' payment to VWISI of the Claim Amount. Although the collection letter shows it was sent by VWISI, it also includes instructions for Mr. Evans to make an "online" payment to satisfy the Claim Amount, at the internet address of www.payvwi.com, which is a web page on VWI's website. The collection letter also contained a telephone number for

FIRST AMENDED CLASS
ACTION COMPLAINT - 3
(NO. 2:23-cv-01393-LK)

Leonard Law, PLLC
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028

payment of the Claim Amount. A person who calls that telephone number is connected to the "Vengroff Williams automated payment service".

2.7   Because Mr. Evans was not at fault for the automobile collision, he was confused and concerned by the statements in the collection letter. Mr. Evans did not know why VWISI and VWI believed he owed any debt related to the collision or why they were attempting to collect the alleged debt from him, and he therefore retained an attorney to help him investigate the claim and VWISI's and VWI's attempt to collect the Claim Amount from him.

2.8   Mr. Evans paid that attorney $50.00 and spent time away from his job meeting with the attorney to investigate VWISI and VWI's alleged claim and their threats.

2.9   Mr. Evans' attorney sent VWISI a demand that it cease collecting. VWI responded to Mr. Evans' attorney's letter and informed him that upon receipt of the letter, VWI had "closed" the file and returned it to State Farm "for further review".

2.10   Upon information and belief, neither VWISI nor VWI reported the claim or Mr. Evans' alleged debt to Washington's Department of Licensing.

2.11   Upon information and belief, the collection letter VWISI sent Mr. Evans was created from a template that VWISI and VWI use when communicating with other Washington consumers.

2.12   Upon information and belief, VWISI's and VWI's collection activities directed at Mr. Evans are typical of their collection practices directed at other Washington consumers.

2.13   On information and belief, VWISI is VWI's agent. As VWISI's principal, VWI is liable for VWISI's actions.

2.14   Upon information and belief, VWISI and VWI have attempted to collect from more than 40 Washington consumers using collection letters substantially similar to the

FIRST AMENDED CLASS
ACTION COMPLAINT - 4
(NO. 2:23-cv-01393-LK)

Leonard Law, PLLC
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028

collection letter sent to Mr. Evans.

## III.  FIRST CAUSE OF ACTION:
### VIOLATION OF WASHINGTON'S CONSUMER PROTECTION ACT
### (RCW 19.86 ET SEQ.)

3.1     Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

3.2      Under RCW 19.86.020, unfair and deceptive acts or practices occurring in trade or commerce are prohibited and violate the WCPA.

3.3     Pursuant to RCW 19.86.090, "Any person who is injured in his or her business or property" by a violation of the WCPA may bring a civil suit for injunctive relief, damages and attorney fees and costs.

3.4     To prevail on a WCPA claim a plaintiff must prove the defendant (1) engaged in an unfair or deceptive act or practice (2) that occurred in trade or commerce (3) that affects the public interest, and (4) caused (5) injury to the plaintiff's business or property. Collection agencies that send collection letters that are false or misleading relating to subrogation claims violate the WCPA's prohibition against engaging in unfair or deceptive conduct in trade or commerce, and that conduct affects the public interest.

3.5     A collection agency is liable to any person who is injured in their business or property as a result of an unfair or deceptive subrogation claim collection letter sent to that person. A private plaintiff can establish the injury and causation elements of a WCPA claim if the plaintiff incurred expense investigating the true legal status of the debt alleged in the collection letter, spent time away from work investigating the debt, or paid a claim not owed.

3.6     Whether an act or practice in an attempt to collect a debt is an unfair or deceptive is a question of law.

3.7     Notices of subrogation claims are unfair or deceptive if they look like debt

FIRST AMENDED CLASS
ACTION COMPLAINT - 5
(NO. 2:23-cv-01393-LK)

Leonard Law, PLLC
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028

collection notices and may induce people to remand payment in the mistaken belief they have a legal obligation to do so when in fact the notices represent nothing more than an unadjudicated claim for tort damages.

    3.8    The following representations in the collection letter were unfair and deceptive acts occurring in trade or commerce that affect the public interest and violated the WCPA:

    a. "This letter is an attempt to recover payments by [State Farm-Birmingham-Auto] that are deemed to be your responsibility."

    b. "[I]t has been determined that you, your motor vehicle, or both, were responsible for this accident."

    c. "The total amount of the claim is now due in our office."

    d. "If you reside in a state where license suspension is authorized a request for the suspension of your driver's license will be submitted to your state's Department of Motor Vehicles."

    e. "This is an attempt to recover money owed as determined by the Financial Responsibility Law."

    f. The collection letter also stated that "verification of the debt or judgment" would be mailed upon dispute.

    3.9    Additionally, the collection letter's implication that Mr. Evans owed State Farm-Birmingham-Auto the liquidated amount of $12,500.75 was also an unfair and deceptive act in trade or commerce that impacted the public interest.

    3.10    VWISI's and VWI's unfair and deceptive acts or practices caused injury to Mr. Evans' business or property because he had to consult an attorney to dispel uncertainty regarding whether he owed the debt and incurred expense for such assistance.

FIRST AMENDED CLASS
ACTION COMPLAINT - 6
(NO. 2:23-cv-01393-LK)

Leonard Law, PLLC
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028

3.11   On information and belief, VWISI sent substantially similar collection letters to more than 40 other Washington consumers who incurred expense as a proximate result of the collection letters.

3.12   Accordingly, VWISI and VWI violated the WCPA and are liable to Mr. Evans and those similarly situated for the injury caused to their business or property as a proximate result of VWISI's and VWI's conduct, and should be enjoined from continuing to send collection letters that misrepresent that the consumers to whom the collection letters are sent owe liquidated amounts to companies like State Farm-Birmingham-Auto for alleged debts arising from vehicle incidents, when in fact the consumers do not owe such liquidated amounts.

## VI.  CLASS ACTION ALLEGATIONS

4.1   Plaintiff realleges the foregoing paragraphs as if fully stated herein.

4.2   Plaintiff brings this action pursuant to Civil Rule 23(a) and (b)(3), on behalf of the following Class against Defendants:

> **Subrogation Class:** All persons residing in Washington who, on or after four years preceding the date of filing of this action, received at a Washington address a notice or letter from VWISI related to a subrogation claim that included a representation that a stated liquidated amount due had been deemed to be the person's responsibility, the person was responsible for the accident, the total amount of the claim was now due, the person's license would be suspended, the claim was owed to VWISI or its client under the "Financial Responsibility Law," or that the claim was verifiable, when the subrogation claim being collected upon had not been reduced to a judgment.

4.3   **Numerosity.**   The members of the putative Class are so numerous that joinder of all members is impracticable. Upon information and belief, the number of members of the putative Class exceeds 40.

4.4   **Common Questions of Law and Fact.**  The questions of law and fact are the same for Plaintiff and for all members of the putative Class, including whether the information

FIRST AMENDED CLASS
ACTION COMPLAINT - 7
(NO. 2:23-cv-01393-LK)

Leonard Law, PLLC
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028

included in letters and notices Defendant VWISI sends persons residing in Washington relating to subrogation claims is unfair or deceptive as a matter of law.

4.5  **The Plaintiff's Claims Are Typical of the Class.**  Plaintiff's claims are typical of the claims of the putative Class because they arise from the notice Defendant VMISI sent him attempting to collect on an alleged liquidated subrogation claim.

4.6  **The Plaintiff Will Fairly and Adequately Protect the Class.**  Plaintiff will adequately represent and protect the interests of the putative Class because he has retained competent and experienced counsel and his interest in the litigation is not antagonistic to the other members of the putative Class.

4.7  **A Class Action is Maintainable Under Civil Rule 23(b)(3).**  The questions of law and fact common to all members of the putative Class predominate over questions affecting only individual members of the Class, because all members of the putative Class have been subjected to Defendant VWISI's unlawful conduct. The prosecution of separate actions by individual members of the putative Class against Defendants would create the risk of inconsistent or varying adjudications and incompatible standards of treatment. On information and belief, there are no other pending class actions against Defendants concerning the issues in this action. A class action is superior to any other available means for the adjudication of this controversy. This action will cause an orderly and expeditious administration of the putative Class members' claims; economies of time, effort and expense will be fostered; and uniformity of decisions will be ensured at the lowest cost and with the least expenditure of judicial resources.

WHEREFORE, Plaintiff prays for the following relief:

1. For an Order certifying the putative Class identified herein in Paragraph 4.2 under

FIRST AMENDED CLASS
ACTION COMPLAINT - 8
(NO. 2:23-cv-01393-LK)

**Leonard Law, PLLC**
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028

CR 23(b)(3), with Plaintiff as the Class Representative and the undersigned legal counsel as Class Counsel.

2. For Judgment declaring that Defendant VWISI's conduct in sending collection letters relating to alleged liquidated subrogation claims to Washington consumers with representations similar to those identified in paragraphs 2.4 through 2.6 is unlawful, and enjoining VWISI from sending similar letters in the future.

3. For Judgment for money damages for Plaintiff and putative Class members for all sums collected by VWISI and VWI and for all expenses incurred by members of the Class caused by VWISI's collection letters, but in no event less than $10,001.00.

4. For judgment for money damages for Plaintiff against VWISI and VWI.

5. For prejudgment interest at the statutory rate provided in RCW 19.52.010 on all sums awarded to Plaintiff and putative Class members for liquidated damage amounts, from the date the amounts were liquidated until the date of entry of Judgment herein.

6. For an award of Plaintiff's and putative Class members' costs and reasonable attorney's fees pursuant to RCW 19.86.090.

7. For post-judgment interest at the rate of 12% per annum on all money damage sums awarded to Plaintiff and putative Class members.

8. For leave to conform his pleadings to the proof presented at trial.

11. For such other and further relief as the Court deems just and equitable.

FIRST AMENDED CLASS
ACTION COMPLAINT - 9
(NO. 2:23-cv-01393-LK)

Leonard Law, PLLC
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028

DATED: September 27, 2023.

*Attorneys for Plaintiff*:

| | |
|---|---|
| LEONARD LAW, PLLC | BERRY & BECKETT, PLLP |
| */s/ Sam Leonard* | */s/ Guy Beckett* |
| Sam Leonard, WSBA #46498 | Guy W. Beckett, WSBA #14939 |
| 9030 35th Ave SW, Suite 100 | 1708 Bellevue Avenue |
| Seattle, WA 98126 | Seattle, WA 98122 |
| Telephone: (206) 486-1176 | Telephone: (206) 441-5444 |
| Facsimile: (206) 458-6028 | Facsimile: (206) 838-6346 |
| E-mail: sam@seattledebtdefense.com | E-mail: gbeckett@beckettlaw.com |

EDWARD H. MOORE, P.C.

*/s Edward H. Moore*
Edward H. Moore WSBA # 41584
3600 15th Avenue West, Suite 300
Seattle, WA,. 98119
Telephone: 206/826-8214
Fax: 206/826-8221
Email: emoore@ehmpc.com

FIRST AMENDED CLASS
ACTION COMPLAINT - 10
(NO. 2:23-cv-01393-LK)

**Leonard Law, PLLC**
9030 35TH AVE SW, Ste 100
Seattle, WASHINGTON 98126
(206) 486-1176
(206) 458-6028