UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEVIN EVANS,<br><br>                Plaintiff,<br>    v.<br><br>VENGROFF WILLIAMS, INC. et al.,<br><br>                Defendants. | CASE NO. 2:23-cv-01393-LK<br><br>ORDER REMANDING CASE |

This matter comes before the Court on Plaintiff Kevin Evans' motion to remand this case to King County Superior Court. Dkt. No. 18. In addition, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up).

ORDER REMANDING CASE - 1

## I. DISCUSSION

Because Defendants are the parties asserting jurisdiction in this matter, they have the burden of establishing it. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010). Defendants successfully established removal jurisdiction under 28 U.S.C. § 1332 because Evans' complaint contained a cause of action for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* Dkt. No. 1 at 1; Dkt. No. 1-1 at 4–9.[1] Evans subsequently amended his complaint to remove that cause of action. Dkt. No. 15; Dkt. No. 13 at 1. In his amended complaint, Evans averred that this Court does not have subject matter jurisdiction over the case because "there is currently no evidence showing that . . . all of the jurisdictional requirements of the Class Action Fairness Act are met and no exception applies." Dkt. No. 15 at 2. He then filed a motion to remand. Dkt. No. 18.

**A.   The Court Lacks Jurisdiction Under 28 U.S.C. 1332**

Although Defendants insist that they "have satisfied their burden" to establish jurisdiction under the Class Action Fairness Act ("CAFA"), Dkt. No. 20 at 3, Defendants' multiple briefs and disclosures never adequately alleged diversity.

CAFA "impose[s] specific requirements that must be satisfied before federal jurisdiction is conferred." *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 763 (9th Cir. 2023). Specifically, CAFA grants district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant (i.e., there is minimum diversity), and the aggregate amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(2)(A), (d)(5)(B), (d)(6); *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).

---

[1] Defendants also alleged traditional diversity jurisdiction under 28 U.S.C. § 1332, but as discussed below, Defendants have never adequately established diversity.

ORDER REMANDING CASE - 2

Defendants' Notice of Removal states that "the plaintiff resides in Kent, King County Washington," Dkt. No. 1 at 1, but an individual's *residence* is insufficient to establish his *citizenship*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The Notice also states that "Defendants' state of domicile and residence is Florida," Dkt. No. 1 at 1, but corporations' citizenship for purposes of diversity jurisdiction is "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated," *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). Nor do the original or amended complaints establish diversity on their face: they do not provide complete information to determine any party's citizenship. Dkt. No. 1-1 at 1–2 (alleging Evans' residence, not his citizenship; alleging only VWI's principal place of business; alleging only the state in which VWISI is incorporated); Dkt. No. 15 at 1–2 (same). Furthermore, Defendants' answer states only that "plaintiff and each defendant are citizens of different states," without identifying anyone's citizenship. Dkt. No. 17 at 1.[2] Defendants' corporate disclosure statements contain no information about their citizenship in violation of Local Civil Rule 7.1 and Federal Rule of Civil Procedure 7.1. Dkt. Nos. 8, 9. Even in their opposition to remand, Defendants do not identify their citizenship, instead incorrectly stating that the complaints allege diversity. Dkt. No. 20 at 2.

---

[2] Even if such a conclusory statement were sufficient to establish diversity (it is not), Defendants have been operating on a misperception that residence equates to citizenship. Regardless, conclusory allegations do not suffice. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory."); *see also, e.g.*, *Faris v. Petit Pot, Inc.*, No. CV 23-1955-JFW(PDX), 2023 WL 6192703, at *2 (C.D. Cal. Aug. 18, 2023) (conclusory allegations regarding citizenship were insufficient to plead diversity); *Un Boon Kim v. Shellpoint Partners, LLC*, No. 15-cv-611-LAB(BLM), 2016 WL 1241541, at *5 (S.D. Cal. Mar. 30, 2016) (finding that diversity was inadequately pled when the operative complaint "ma[d]e the conclusory allegation that '[Defendant] is a citizen of the state of Georgia.'"); *Park v. Webloytalty.com, Inc.*, No. 12-cv-1380–LAB(JMA), 2013 WL 4711159, at *1 (S.D. Cal. Aug. 30, 2013) ("Normally, the party invoking the Court's jurisdiction is required to plead the citizenship of parties, sufficiently to show that diversity exists. . . . Merely pleading the conclusion that parties are citizens of different states is generally insufficient.").

ORDER REMANDING CASE - 3

### B. The Court Declines to Exercise Supplemental Jurisdiction

The Court's conclusion that it does not have original jurisdiction over Evans' CPA claim does not end the inquiry. If the Court has supplemental jurisdiction over that claim, its jurisdiction does not "fall away" because he dismissed his federal claim. *Westmark Emerald Pointe, LLC v. City of Burien*, No. C19-1821-RSM, 2020 WL 256133, at *1 (W.D. Wash. Jan. 17, 2020) (quoting *Hunt Skansie Land, LLC v. City of Gig Harbor*, No. C10-5027-RBL, 2010 WL 2650502, at *3 (W.D. Wash. July 1, 2010)). The Court had jurisdiction over this action at the time of removal based on Evans' FDCPA claim, and it also had supplemental jurisdiction over Evans' CPA claim because both claims arise from the same set of facts—Defendants' allegedly wrongful collection efforts—and they are "so related" that they form the same case or controversy and would normally be tried together. 28 U.S.C. § 1367(a); *see also Trs. of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003); *King v. Zak*, No. C16-0397-JLR, 2016 WL 1579234, at *4 (W.D. Wash. Apr. 20, 2016).

The Court is not required to exercise its supplemental jurisdiction. A district court's "decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see also* 28 U.S.C. § 1367(c)(3). In declining jurisdiction under section 1367(c)(3), the Court "must first identify the dismissal that triggers the exercise of discretion"—here, Evans' voluntary dismissal of his FDCPA claim—"and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trs. of Const. Indus.*, 333 F.3d at 925.

As the Supreme Court has observed, "in the usual case in which federal-law claims are eliminated before trial, the balance of the factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to

ORDER REMANDING CASE - 4

exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *accord Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th. Cir. 1997). That is the case here. *See, e.g.*, *City of Colton v. Am. Promotional Events, Inc.-W.*, 614 F.3d 998, 1008 (9th Cir. 2010) (district court did not abuse its discretion by declining to exercise supplemental jurisdiction over pendent state claims); *Bryant v. Adventist Health Sys./W.*, 289 F.3d 1162, 1169 (9th Cir. 2002) (same); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (same). This case was removed in September 2023 and is in its early stages. Dkt. No. 1. No case schedule has been set, and the Court has not made any dispositive rulings. Therefore, the judicial economy factor is neutral. *King*, 2016 WL 1579234, at *5. The convenience factor is also neutral because there do not appear to be any obstacles to remand. *Id.* The fairness factor weighs in favor of remand because Evans filed his complaint in state court, Dkt. No. 1-1; all putative class members are Washington residents, *id.* at 9–10; and Evans has not engaged in bad faith tactics in seeking remand. *King*, 2016 WL 1579234, at *5 (noting that dismissing federal claims and seeking remand are not manipulative tactics). In addition, Evans argues in his motion that the Court should decline to exercise supplemental jurisdiction, Dkt. No. 18 at 5–7, and Defendants do not contest that point, *see generally* Dkt. No. 20.

Finally, the comity factor weighs in favor of remand. Evans' remaining CPA claim involves "[n]eedless decisions of state law" that the Court will avoid "both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law" in state court. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). The factors weigh in favor of declining supplemental jurisdiction. Accordingly, the Court remands Evans' claim to the King County Superior Court.

## II. CONCLUSION

For the reasons stated herein, the Court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for King County in the State of Washington;

2. The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for King County Washington;

3. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington; and

4. The Clerk of the Court shall CLOSE this case.

Dated this 8th day of December, 2023.

Lauren King
United States District Judge

ORDER REMANDING CASE - 6